GENERAL COURT, OCTOBER TERM, 1801.

OCT. 1801

BRUNER *vs.* HEDGES.

Bruner
vs.
Hedges.

APPEAL from Frederick County Court, from a judgment rendered in that court in favour of the plaintiff, now appellee. It was an action of *assumpsit*, and the declaration stated, that the plaintiff, *Hedges*, "delivered to the defendant in 1797 and 1798, 313 bushels of wheat, for which he received 54 barrels of superfine flour, and 2 barrels of common, only, whereas he ought to have received 63 barrels," &c. By agreement of counsel no advantage was to be taken to the informality of the declaration, and all errors therein were released. The general issue was pleaded, and there was a verdict and judgment for the plaintiff for 8*l.* 16*s.* 0*d.* current money, damages, and costs, from which judgment the defendant appealed to this court.

The county court has jurisdiction in an action of *assumpsit* for not delivering a sufficient quantity of superfine flour produced from the plaintiff's wheat sent to be ground at the defendants mill, although the damages recovered were less than 10*l*

*Shaaff*, for the appellant, contended, that the judgment ought to be reversed, being entered for a sum not within the jurisdiction of the county court, and he read the act of November session 1791, *ch.* 68, *s.* 9, directing that the county courts should not hold plea of any debt, &c. (within the jurisdiction given to justices of the peace,) which should not exceed £10 or 1000 lbs. of tobacco; and that this case came within the 10*th section* of that act, which gives jurisdiction to the justices of the peace in cases of debts, or sums of money or tobacco due on contract, and of damages for the nondelivery of grain, or other articles, contracted to be delivered.

*J. Dorsey*, on the same side.

*Mason* and *Nelson*, for the Appellee.

THE GENERAL COURT *affirmed* the judgment of the County Court, and the appellant appealed to the Court of Appeals, where the judgment of the General Court was *affirmed* at November term 1803.